Reversed and Remanded and Memorandum Opinion on Remand filed July 13,
2004









Reversed and Remanded and Memorandum Opinion on Remand
filed July 13, 2004.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-00949-CR

____________

 

JOSE MEDRANO
GARCIA ,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 23rd
District Court

Brazoria County, Texas

Trial Court Cause No. 40,064

 



 

M E M O R A N D U M   O P I N I O N   O N  
R E M A N D








Appellant Jose Medrano Garcia appealed his
felony conviction for sexual assault after having been sentenced by the trial
court to eight years= confinement.  This court affirmed his conviction.[1]  The Court of Criminal Appeals, however,
reversed that judgment in holding that (1) the presence of a bilingual
individual beside the Spanish-speaking defendant did not satisfy appellant=s Sixth Amendment
right under the Confrontation Clause to an interpreter, (2) appellant was not
required to object at trial to the lack of an interpreter in order to preserve
error for appeal, and (3) the trial court=s failure to
appoint an interpreter for appellant violated appellant=s Sixth Amendment
right to confront the witnesses against him. See Garcia v. State, No.
489-03, 2004 WL 574554 (Tex. Crim. App. March 24, 2004).  The Court of Criminal Appeals remanded the
case to this court to resolve whether such a failure constitutes harmful error.
See id. at *9.  Because all
dispositive issues are clearly settled in law, we issue this memorandum
opinion.  See Tex. R. App. P. 47.4.  We reverse the judgment of the trial court
and remand appellant=s case for a new trial.

On remand, the sole issue before this
court is whether the trial court=s failure to
appoint an interpreter for appellant constitutes reversible error.  We must reverse appellant=s conviction
unless we determine beyond a reasonable doubt that the error did not contribute
to his conviction or punishment. See Tex.
R. App. P. 44.2(a); Delaware v.Van Arsdall, 475 U.S. 673, 684
(1986).  The State argues that the trial
court=s error is
harmless because appellant was able to review the State=s evidentiary file
prior to trial with his attorney and was able to communicate with him during
trial through the help of a translator. 
We disagree.

In its opinion reversing the prior
decision of this court, the Court of Criminal Appeals noted that the Aleading case in
this area,@ and a case which is Astrikingly similar@ to the one now
before us, is United States ex rel. Negron v. New York, 434 F.2d 386 (2d
Cir. 1970).  See Garcia, 2004 WL
574554 at *6.  In Negron, the
court concluded: AIn view of the importance of [the
testimony of the investigator for the district attorney=s office] and the
large number of other witnesses who testified in English against Negron, the
denial of so important a right to Negron cannot be regarded as >harmless=.@ 434 F.2d at 391
n.9.  The Negron court also
emphasized the fact that the defendant there could not Aunderstand the
precise nature of the testimony against him@ at trial and his Aincapacity to
respond to specific testimony would inevitably hamper the capacity of his
counsel to conduct effective cross-examination.@  Id. at 389-90.








In light of the authority above, we find
unpersuasive the State=s argument that appellant=s pre-trial access
to the State=s evidentiary file and his ability to
communicate with his attorney during trial through the bilingual interpreter
neutralized his inability to understand the testimony of nearly all of the
witnesses against him, thereby making the error harmless.  The State presented the testimony of seven
witnesses against appellant: (1) Maria Erica Mendoza, the complaining witness,
(2) Jessica Seladon, the complaining witness=s sister, (3)
Rosalina Seladon, the complaining witness=s mother, (4) Ava
Rodriguez, interim custodian of records at Brazosport Memorial Hospital, (5)
Veronica Jones, a victim=s advocate with the Women=s Center in
Brazoria County, (6) Rafael Mendoza, the complaining witness=s husband, and (7)
Greg Ross, an officer with the Richwood Police Department.  The undisputed evidence before the trial
court was that appellant understood the testimony of only Rosalina Seladon, who
testified in Spanish, and did not understand the testimony of any of the other
six witnesses, all of whom testified in English.  Perhaps most importantly, appellant did not
understand the testimony of the complaining witness, Maria Erica Mendoza, who
was the only witness (save for appellant) 
that was present when the incident in question occurred.

Because appellant could not understand the
testimony of the complaining witness and that of the large number of witnesses
against him, it is inevitable that this incapacity hampered his attorney=s ability to
effectively cross-examine the State=s witnesses and,
consequently, appellant=s ability to participate in his own
defense.  Harmless error analysis  for Confrontation Clause violations assumes
that Athe damaging
potential of the cross-examination [would have been] fully realized@; therefore, we
cannot say beyond a reasonable doubt that this error did not contribute to
appellant=s conviction.  See Van Arsdall, 475 U.S. at 684.  Accordingly, we reverse the judgment of the
trial court and remand appellant=s case for a new trial.

 

/s/      Adele Hedges

Chief Justice

 

Judgment
rendered and Memorandum Opinion on Remand filed July 13, 2004.

Panel
consists of Chief Justice Hedges and Justices Frost and Guzman.

Publish
C Tex. R. App. P. 47.2(b). 











[1]  See Garcia
v. State, No. 14-01-00949-CR, 2002 WL 31525586 (Tex. App.CHouston [14th Dist.] November 14, 2002).